IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-77-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| KAYLEE JADE JACKSON, | |
| Defendant. | |

## I.    Synopsis

Defendant Kaylee Jade Jackson (Jackson) has been accused of violating the conditions of her supervised release. (Doc. 260). Jackson admitted the alleged violations. Jackson's supervised release should be revoked. Jackson should be sentenced to Time Served, with 59 months of supervised release to follow. During the first ninety days of supervised release, Jackson shall, at the direction of her probation officer, attend in-patient substance abuse treatment at Passages.

## II.    Status

Jackson pled guilty on March 16, 2023 to the offense of Kidnapping of an Individual Under 18, in violation of 18 U.S.C. §§ 1201(a)(2), 1201(g), 1153(a), as charged in Count 2 of the Superseding Information. (Doc. 161). Jackson was

sentenced to 45 months of custody, followed by 5 years of supervised release. (Doc. 211). Jackson's current term of supervised release began on January 16, 2026.

**Petition**

On March 11, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Jackson's supervised release. (Doc. 260). The Petition alleged Jackson violated conditions of her supervised release by: (1) consuming alcohol on or about February 5, 2026; (2) failing to report for substance abuse testing on February 26, 2026, and March 9, 2026; (3) consuming alcohol and using methamphetamine on or about February 26, 2026; and (4) using methamphetamine between February 28, 2026, and March 10, 2026.

**Initial Appearance**

Jackson appeared before the Court on March 31, 2026.  Jackson was represented by counsel.  Jackson stated that she had read the Petition and that she understood the allegations against her.  Jackson waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Jackson appeared before the Court on March 31, 2026.  The revocation hearing was continued until April 6, 2026.  At the April 6, 2026 hearing, the parties requested the hearing be continued and it was reset for April 8, 2026.

**Second Revocation Hearing.**

Jackson appeared before the Court on April 8, 2026. Jackson admitted that she had violated the conditions of supervised release as set forth in the Petition. Jackson's admitted violations, 1-4, are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Jackson appeared before the Court on April 8, 2026. Jackson's violations are Grade C. Her criminal history category is I. Jackson's underlying offense is a Class A felony. Jackson could be incarcerated for up to 60 months. Jackson could be ordered to remain on supervised release for 60 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Jackson' supervised release should be revoked. Jackson should be sentenced to Time Served, with 59 months of supervised release to follow. During the first ninety days of supervised release, Jackson shall, at the direction of her probation officer, attend in-patient substance abuse treatment at Passages. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Jackson that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed

Jackson of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Jackson that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Jackson waived her right to appeal and to allocute before Judge Morris.

The Court **FINDS:**

That KAYLEE JADE JACKSON has violated the conditions of her supervised release by: (1) consuming alcohol on or about February 5, 2026; (2) failing to report for substance abuse testing on February 26, 2026, and March 9, 2026; (3) consuming alcohol and using methamphetamine on or about February 26, 2026; and (4) using methamphetamine between February 28, 2026, and March 10, 2026.

The Court **RECOMMENDS:**

That the District Court revoke Jackson's supervised release and sentence Jackson to Time Served, with 9 months of supervised release to follow. During the first ninety days of supervised release, Jackson shall, at the direction of her probation officer, attend in-patient substance abuse treatment at Passages.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 9th day of April 2026.


John Johnston
United States Magistrate Judge