IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAYLEE JADE JACKSON,<br><br>Defendant. | CR 22-77-GF-BMM-JTJ<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Kaylee Jade Jackson (Jackson) has been accused of violating the conditions of her supervised release. (Docs. 289 and 305). Jackson admitted some of the alleged violations. Jackson's supervised release should be revoked. Jackson should be sentenced to custody for 3 months, with 56 months of supervised release to follow. During the term of her supervised release, Jackson shall be placed in a secure in-patient substance abuse treatment facility for a period of up to 90 days at the direction of her probation officer. The Court further recommends that Jackson serve the custodial portion of her sentence at the Roosevelt County Detention Center.

## II. Status

Jackson pled guilty on March 16, 2023 to the offense of Kidnapping of an Individual Under 18, in violation of 18 U.S.C. §§ 1201(a)(2), 1201(g), 1153(a), as charged in Count 2 of the Superseding Information. (Doc. 161). Jackson was sentenced to 45 months of custody, followed by 5 years of supervised release. (Doc. 211). Jackson's current term of supervised release began on April 8, 2026.

**Petition**

On August 14, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Jackson's supervised release. (Doc. 289). The Petition alleged Jackson violated conditions of her supervised release by: (1) failing to report for her out-patient substance abuse treatment intake on August 13, 2026.

**Initial Appearance**

Jackson appeared before United States Magistrate Judge Timothy Cavan on October 14, 2026. Jackson was represented by counsel. Jackson stated that she had read the Petition and that she understood the allegations against her. Jackson waived her right to a preliminary hearing. Judge Cavan scheduled a final revocation hearing for November 10, 2026 before the undersigned, which was re-set for November 9, 2026.

**Amended Petition**

On October 20, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Jackson's supervised release. (Doc. 305). The Amended Petition alleged Jackson additionally violated conditions of her supervised release by: (2) failing to report to her probation officer as directed since August 13, 2026, with her whereabouts unknown until her arrest on October 12, 2026; and (3) failing to provide her probation officer with ten (10) days' notice of a change in the residence approved by her probation officer between August 13, 2026, to October 12, 2026.

**Revocation hearing**

Jackson appeared before the Court on November 9, 2026. The parties consented to proceed with the revocation hearing before the undersigned. Jackson admitted that she had violated the conditions of supervised release as set forth as allegations 1 and 2 of the Petition. The Government moved to dismiss alleged violation 3, which the Court granted. Judge Johnston found that Jackson's admitted violations are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Jackson appeared before the Court on November 9, 2026. Jackson's violations are Grade C. Her criminal history category is I. Jackson's underlying offense is a Class A felony. Jackson could be incarcerated for up to 59 months. Jackson could

be ordered to remain on supervised release for 60 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Jackson' supervised release should be revoked. Jackson should be sentenced to custody for 3 months, with 56 months of supervised release to follow. During the term of her supervised release, Jackson shall be placed in a secure in-patient substance abuse treatment facility for a period of up to 90 days at the direction of her probation officer. The Court further recommends that Jackson serve the custodial portion of her sentence at the Roosevelt County Detention Center. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Jackson that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Jackson of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Jackson that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Jackson waived her right to appeal and to allocute before Judge Morris.

The Court **FINDS:**

That KAYLEE JADE JACKSON has violated the conditions of her supervised release by: (1) failing to report for her out-patient substance

abuse treatment intake on August 13, 2026; and (2) failing to report to her probation officer as directed since August 13, 2026, with her whereabouts unknown until her arrest on October 12, 2026.

The Court **RECOMMENDS:**

That the District Court revoke Jackson's supervised release and sentence Jackson to custody for 3 months, with 56 months of supervised release to follow. During the term of her supervised release, Jackson shall be placed in a secure in-patient substance abuse treatment facility for a period of up to 90 days at the direction of her probation officer. The Court further recommends that Jackson serve the custodial portion of her sentence at the Roosevelt County Detention Center.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 20th day of November 2026.

John Johnston
United States Magistrate Judge